Cite as 2022 Ark. 179

# SUPREME COURT OF ARKANSAS

No. CR-21-572

|  |  |
|---|---|
|  | **Opinion Delivered:** October 6, 2022 |
| RICKY LYNN LENARD, SR. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 35CR-20-71] |
| V. | HONORABLE JODI RAINES DENNIS, JUDGE |
| STATE OF ARKANSAS |  |
| APPELLEE |  |
|  | <u>AFFIRMED</u>. |

**BARBARA W. WEBB, Justice**

Ricky Lynn Lenard, Sr., appeals from a jury verdict in Jefferson County Circuit Court finding him guilty of failure to comply with sex-offender reporting requirements. Lenard was sentenced to a three-year term of imprisonment. On appeal, he argues that the trial court erred in (1) its denial of his timely directed-verdict motions; and (2) finding that he was a person required to register as a sex offender. We affirm.

Originally, this case was filed in the court of appeals. However, we accepted certification to this court because our decision in one of Lenard's postconviction appeals, *Lenard v. Kelley*, 2017 Ark. 186, 519 S.W.3d 682 (per curium), is central to Lenard's second point on appeal.

I. *Relevant Procedural History*

Lenard pleaded guilty to fourth-degree sexual assault[1] on November 4, 2010, in *State v. Lenard*, No. 35CR-09-575 (Jefferson Cnty. Cir. Ct.). In accordance with the Sex Offender Registration Act (SORA), he was required to register as a sex offender. He failed to satisfy this obligation. In July 2012, Lenard entered a negotiated plea in the Jefferson County Circuit Court to charges of felony theft of property and felony criminal mischief and was sentenced to sixty months' probation. *State v. Lenard*, No. 35CR-11-288 (Jefferson Cnty. Cir. Ct.). In May 2013, Lenard entered a negotiated plea for violation of his probation terms with respect to his 2012 theft and criminal-mischief convictions in 35CR-11-288 and for the new offense of failing to register as a sex offender as required by his 2010 conviction in *State v. Lenard*, No. 35CR-13-207 (Jefferson Cnty. Cir. Ct.). Lenard was sentenced to an aggregate term of sixty months' imprisonment for all three crimes.

---

[1]In pertinent part, fourth-degree sexual assault is codified as follows:

(a) A person commits sexual assault in the fourth degree if the person:
(1) Being twenty (20) years of age or older:
. . .
(B) Engages in sexual contact with another person who is:
    (i) Less than sixteen (16) years of age; and
    (ii) Not the person's spouse; or
(2) Sexual assault in the fourth degree under subdivision (a)(1)(B) of this section is a Class A misdemeanor if the person engages only in sexual contact with another person as described in subdivision (a)(1)(B) of this section.

"Sexual contact" is defined under Arkansas Code Annotated section 5-14-101 (8) (Repl. 1997) as: "An act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female"

The sentencing order relating to Lenard's convictions for theft, criminal mischief, and failure to register as a sex offender contained express findings that Lenard had committed an "aggravated sex offense" and that Lenard was designated a "sexually violent predator." *See Lenard v. Kelley*, 2017 Ark. 186, 519 S.W.3d 682. However, Lenard challenged these findings and, pursuant to the granting of Lenard's pro se motion, the court entered an amended sentencing order on July 15, 2013, that removed those findings and further found that Lenard was not required to register as a sex offender--for the subsequent offense of failure to register as a sex offender. *Id.* While this judicial finding did not alter his obligations under SORA for his fourth-degree sexual assault conviction, it was of pivotal importance with regard to his felony conviction for failure to register. In *Lenard v. Kelley*, we held that the Arkansas Department of Correction and the Arkansas State Parole Board abused its discretion by conditioning Lenard's parole eligibility on his participation in programs related to sexual offenders because failure to register was not a sexual offense. *Id.* Based on analysis of the amended sentencing order, we reasoned that the parole board had exceeded its statutory authority when it supported the denial of parole based on factors unrelated to Lenard's incarceration in the Arkansas Department of Correction. *Id.* These considerations included "the age of the victim" who was the subject of his misdemeanor fourth-degree sexual assault conviction and his failure to participate in the Reduction of Sexual Victimization Program (RSVP). We stated that "the Board's authority to grant or deny transfer must correspond to felonies for which the inmate is incarcerated." *Id.* at 8, 519 S.W.3d at 689.

Prior to the trial in this case, Lenard filed a motion asking the circuit court to

determine his registration status and dismiss the case. He argued that this court's above-cited opinion absolved him from registering as a sex offender for his 2010 conviction for fourth-degree sexual assault. The circuit court rejected Lenard's argument, finding that "[t]he case involved defendant's incarceration and parole eligibility on the offense of failing to register. . . . Contrary to defendant's argument, the opinion includes the finding that Lenard remains subject to the civil and criminal obligations in his conviction for sexual assault in the fourth degree." Accordingly, the circuit court concluded that Lenard was subject to the registration and reporting requirements under the sex-offender registration act and denied Lenard's motion to dismiss. A Jefferson County jury subsequently tried and convicted Lenard as charged.

## II. *Sufficiency of the Evidence*

Lenard first argues that the circuit court erred in denying his directed-verdict motion. He was charged with the offense of Sex Offender Failure or Refusal to Provide Information in violation of Arkansas Code Annotated section 12-12-904(a)(1)(A) (Supp. 2021), a Class C felony. A person commits that offense if a person: "(i) Fails to register or verify registration as required under this subsection; (ii) Fails to report in person a change of address, employment, education, or training as required under this subchapter; (iii) Refuses to cooperate with the assessment process as required under this subchapter."

The State relied on two witnesses in its case-in-chief. Paula Stitz, manager of the state sex-offender registry for the Arkansas Crime Information Center, testified that she was charged with maintaining all of the State's law-enforcement records relating to sexual

4

offenses. Pursuant to statute, most offenders are required to register every six months; however, level 4 sex offenders are required to report every three months, and homeless persons are required to report monthly. According to Stitz, the records that she had for Lenard indicated that he had to report every six months, although she had no records beyond May10, 2019.

Christy Badgley testified that she worked as the sex-offender coordinator for Jefferson County Sheriff's office. In that position, she was responsible for monitoring all the sex offender information, their registration, and changes of information. Badgley stated that she had been familiar with Lenard since 2018. His reporting dates were May and November, and he had to report in person. Any changes to his information had to be made in person. Lenard was obligated to complete a verification form every six months. At the top of that form, it would state that he needed to return back November 10th of 2019 and listed his next report date. The verification form was signed by Lenard.

Badgley recalled that on June 11, 2019, Lenard reported that he was homeless. He had previously reported in May, which was his regular reporting date. Because he was homeless, he was required to report monthly, which he did on July 11 and August 16, 2019. According to Badgley, Lenard failed to report in September, October, and November 2019. Badgley stated that when he missed his November report date, she contacted investigators to attempt to contact him. The next date that Lenard registered was March 5, 2020, and when he had been arrested.

Badgley substantiated her testimony with copies of the forms she executed with

5

Lenard that informed him of his reporting dates and obligations. These forms were signed by Lenard and admitted into evidence without objection.

In his case, Lenard disputed his failure to report. He presented the evidence of his former fiancée Cheryl Ray, who testified that she drove Lenard to his meetings with Badgley in September, October, and November 2019. She further testified that Lenard had secured a residence in September 2019 and therefore was no longer homeless.

Lenard testified that his reporting dates were in May and December, and therefore he did not miss his six-month reporting date. Further, he claimed he informed Badgley that he was no longer homeless in September 2019, which meant that he only had to verify his residence every six months. He asserted that he nonetheless reported in October because Badgley had failed to give him paperwork that reflected his change in status.

Lenard preserved his challenge to the sufficiency of the evidence with the following directed-verdict motion:

> Your Honor, we would ask for a motion for directed verdict. The State – the State has not given enough information for the jury to make a decision on as to Mr. Lenard's regist- -reporting dates. They have -- there was testimony from Ms. Badgley that he did report, and there are some days that she said he did not. I don't believe that there's enough to get to the jury. We would ask the Court to make a directed verdict in Mr. Lenard's favor.

When we review the denial of a directed-verdict motion challenging the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Holly v. State*, 2017 Ark. 201, 520 S.W.3d 677. That means that we consider only the evidence that supports the verdict and determine whether the verdict is supported by substantial evidence.

*Id.* Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. *Id.*

The trial record establishes that, in 2018, following his release from incarceration, Lenard's registration and reporting requirements based on his fourth-degree sexual assault conviction resumed. Lenard was subject to a list of reporting requirements that included his reporting in person every six months from his initial registration date and any change in his address. As reflected in Badgley's testimony and her supporting documentation, these reporting dates were May and November of each year. Badgley further testified that Lenard reported in May 2019. As part of that process, she verified his contact information, and he executed an acknowledgment form indicating he understood his next reporting date was November 10, 2019, unless he became homeless, whereupon he was required to verify his registration every thirty days. She noted that in June, July, and August 2019, Lenard reported and registered that he was homeless. However, Lenard did not report in September, October, or November 2019, and, as a result, he was arrested on November 21, 2019, for failure to comply with registration-and-reporting requirements. On the basis of Badgley's testimony, Lenard's reporting dates were established, as was his failure to comply with the reporting requirement.

We are mindful that in his argument on appeal, Lenard asks this court to consider the evidence presented in his case-in-chief, which does not support the verdict. This portion of his argument does not comport with our standard of review. *Id.* Accordingly, we affirm on this point.

### III. *Whether Lenard Is a Person Required to Register as a Sex Offender*

Citing *Lenard v. Kelley*, *supra*, Lenard argues that our decision in that case meant that "he was not required to continue to register as a sex offender." Lenard's reliance on that case is clearly misplaced. The opinion clearly states that Lenard's obligation to register as a sex offender was required by his fourth-degree sexual assault conviction, not his subsequent felony conviction for failure to register as a sex offender in accordance with SORA. *Id.* His successful petition to correct certain findings in the sentencing order that mischaracterized his conviction for failure-to-register as a sex offender had no effect on the underlying sexual offense. *See Lenard v. State*, 2014 Ark. 248 (per curium). Accordingly, the circuit court did not err in finding that Lenard was required to register as a sex offender.

Affirmed.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.