Cite as 2024 Ark. App. 442

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-23-323

| | | |
|---|---|---|
| TOBY YANCY | | Opinion Delivered September 25, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OCR-22-33] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES DUNHAM, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RAYMOND R. ABRAMSON, Judge**

A Franklin County jury convicted Toby Yancy of failing to register or report as a sex offender. He was sentenced as a habitual offender to three years in prison. Pursuant to *Anders v. California*, 368 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Yancy's counsel has filed a motion to withdraw stating that there is no merit to an appeal.[1] The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. Yancy was provided with a copy of his counsel's brief and notified that he had thirty days within which

---

[1]This is the second time this no-merit appeal has been before us. In the first appeal, we remanded to settle and supplement the record; ordered rebriefing; and denied counsel's motion to withdraw without prejudice. *See Yancy v. State*, 2024 Ark. App. 12.

to raise any points of appeal, which he has done. The State has responded to the points filed by Yancy, contending that the points are barred on appeal, are not supported by the record, or are otherwise without merit. Counsel has adequately corrected the deficiencies and filed another no-merit brief. We affirm and grant counsel's motion to withdraw.

Yancy's jury trial was on December 2, 2022. As voir dire began, Yancy requested to speak to the court outside the presence of the jury. At the bench conference, Yancy stated he was ready to stand trial. During voir dire, the State objected when one of the jurors gave a definition of reasonable doubt. The court responded by stating it had given the definition of reasonable doubt, and that is what the jurors would follow. The juror indicated that she understood. During opening statements, the State objected to Yancy's counsel representing the case as a "miscommunication." The court stated the jury knew the charge in the case, and comments should be kept to the expected testimony.

The State's first witness, Paula Stitz, testified that she was the manager of the state sex-offender registry. She described how convicted sex offenders are assessed by her agency and are required to register and regularly verify the information that they provide to law enforcement, including where they are currently living. Stitz testified that Yancy was required to verify his information every three months. Stitz further testified that Yancy had been convicted in 2004 of a sexual offense that required him to register and report. Stitz said that the records generated by her agency indicated that Yancy was required to report and verify his personal information on January 14, 2022.

Curtis Bishop testified that he formerly worked at the Franklin County Sheriff's Office and supervised the registration of sex offenders in the county. Bishop said that he was familiar with Yancy and his file. He said that, on January 14, 2022, Yancy came into the sheriff's office wearing a mask and gloves and told him, "I've got COVID, and I'm here to register." Bishop said that he instructed Yancy to come back in five days on January 19 because, in order to register, he would have to take Yancy back to his office where he would record the information on a computer dedicated for that purpose. Bishop testified that on January 19, he was in the office but that Yancy never appeared. He said that he attempted to call Yancy but never got an answer.

Bishop testified that he went to Yancy's residence on January 20, 2022. He said that there was a tall fence around the residence that prevented him from going to the front door but that he honked his horn and "turned his siren on," but Yancy did not respond. Bishop also tried calling Yancy several more times and never got a response. Bishop said that he left a business card at the address but did not receive a call back. Bishop further testified that when he called Yancy on January 24, 2022, he did not answer, and his phone indicated his voice mailbox was full. Bishop called again on January 26, and again, Yancy did not answer, but the voice mailbox did not indicate that it was full. At that point, Bishop said that he assumed that Yancy had gotten the message.

Bishop said that, on January 29, he dispatched Franklin County Deputy Greg Beard to Yancy's residence. Beard was unable to make contact with him but left a business card. Bishop said that he tried both telephone numbers listed in Yancy's registration, failed to

3

receive an answer, and later that day, sought a warrant for Yancy's arrest for failure to register. Bishop also noted that Yancy had last reported on October 18, 2021, and signed an acknowledgment that he was to return on January 14, 2022.

At the close of the State's case, Yancy moved for directed verdict, which the circuit court denied. The defense rested without calling any witnesses. The jury subsequently found Yancy guilty of failing to register as a sex offender, and he was sentenced to three years in prison. This no-merit appeal followed.

Arkansas Supreme Court Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

Counsel explains that challenging the sufficiency of the evidence supporting Yancy's conviction is not a meritorious ground for reversal because our supreme court has held that when reporting dates and failure to report have been established, the denial of a motion for directed verdict is not erroneous. *See Lenard v. State*, 2022 Ark. 179, 652 S.W.3d 569. Counsel also describes adverse evidentiary rulings. Matters pertaining to the admissibility of evidence are left to the sound discretion of the circuit court. *McEwing v. State*, 366 Ark. 456,

4

237 S.W.3d 43 (2006). We will not reverse such a ruling absent an abuse of that discretion, nor will we reverse absent a showing of prejudice because prejudice is not presumed. *Hoyle v. State*, 2018 Ark. App. 498, 562 S.W.3d 253.

In his pro se points, Yancy argues (1) the circuit court erred by not allowing him to discharge his attorney, and (2) a hodge podge of claims, including that he was denied the right to testify. His points contain a narrative of events that he concedes "may not be a matter of law." His arguments are not preserved for appellate review. It is well settled that we do not address arguments that are raised for the first time on appeal. *See Hicks v. State*, 2017 Ark. 262, 526 S.W.3d 831.

Having reviewed the record, the brief presented by counsel, and Yancy's pro se points, we conclude that counsel has complied with the requirements of Rule 4-3(b) and that an appeal from Yancy's conviction would be without merit. Accordingly, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

KLAPPENBACH and BROWN, JJ., agree.

*Witt Law Firm, P.C.*, by: *Ernie Witt*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.